Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Nicholas D. Fine, Esq. (SBN: 285017)
nfine@ohhlegal.com
**ORBACH HUFF & HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, CA 94588
Telephone: (510) 999-7908
Facsimile: (510) 999-7918

Attorneys for Defendants
CITY OF BERKELEY, PAUL BUDDENHAGEN, CHIEF JENNIFER LOUIS, and CHIEF ANDREW GREENWOOD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNAUD CAMMAS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF BERKELEY; PAUL BUDDENHAGEN, JENNIFER LOUIS, ANDREW GREENWOOD,<br><br>　　　　　Defendants. | Case No. 25-cv-10296-LB<br><br>**DEFENDANTS CITY OF BERKELEY, PAUL BUDDENHAGEN, CHIEF JENNIFER LOUIS, AND CHIEF ANDREW GREENWOOD'S RESPONSE TO COURT'S MARCH 10, 2026 ORDER**<br><br>DEPT:　Courtroom B, 15th Floor<br>JUDGE:　Magistrate Laurel Beeler |

Defendants' Response to Court's March 10, 2026 Order [25-cv-10296-LB]

Defendants CITY OF BERKELEY ("City"), PAUL BUDDENHAGEN ("Buddenhagen"), CHIEF JENNIFER LOUIS ("Louis"), and CHIEF ANDREW GREENWOOD ("Greenwood") (collectively "Defendants") respond to the Court's Order of March 10, 2026 (Dkt. 39), as follows.

Defendants object to and oppose the Motion for Leave to Amend Complaint (Dkt. 37) filed by Plaintiff ARNAUD CAMMAS ("Plaintiff") and request that the Court rule upon the pending Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss" or "MTD," Dkt. 21). All of Plaintiff's claims are time-barred and remain time-barred despite Plaintiff's numerous attempts to cure the fatal admissions in his pleadings. Furthermore, the fact Plaintiff has now submitted well over 100 pages of initial pleadings, including a 60+ page Opposition to Defendants' pending Motion to Dismiss, confirms that Plaintiff is simply unable to allege facts sufficient to maintain any claims against Defendants.

As the Court will recall, Plaintiff filed his original Complaint on November 28, 2025. Dkt. 1. On December 22, 2025, the Court issued an Order providing that:

> On this record, the plaintiff's claims are time-barred, his ADA and Rehabilitation Act claims are deficient for a lack of nexus between the harm he suffered and his disabilities, his constitutional claims may lack state action, and he may wish to assert Title III ADA claims against private defendants. He may file a supplement to his complaint addressing these deficiencies by January 12, 2025. A failure to do so may result in dismissal of the case without prejudice to his pursuing any claims in state court. The plaintiff does not need to explain the law, only the facts supporting his claim. Alternatively, the plaintiff may file a one-page dismissal.

Dkt. 8. This was followed by Plaintiff's filing of a "Supplement to Complaint," treated as an Amended Complaint, on December 30, 2025. Dkt. 12.

Throughout all of Plaintiff's various pleadings, the relevant dates have not changed. From the initiation of this action, Plaintiff has alleged that his claims arise from a single interaction on February 4, 2022, during which he was allegedly assaulted and beaten by staff members of a YMCA. See Compl. (Dkt. 1), ¶¶ 6-12; FAC (Dkt. 12), ¶ 1; Plaintiff's Opposition to Motion to Dismiss ("Opp. to MTD") (Dkt. 30), 1:16-28; Plaintiff's Motion for Leave to Amend (Dkt. 37), 7:21-27. As discussed in the Motion to Dismiss (Dkt. 21) and Defendants'

1   Reply brief in support thereof ("Reply," Dkt. 34), and despite Plaintiff's efforts to assert various
2   timeliness theories in support of his otherwise time-barred claims (see Opp. to MTD (Dkt. 30);
3   FAC (Dkt. 12), ¶¶ 1-10), none are nor can be adequately pleaded.  See Reply (Dkt. 34), 2:2-7:2.
4   Indeed, Plaintiff concedes he was aware of all of the information necessary to discover his
5   claims on February 4, 2022.  He alleges he was placed in a chokehold for fourteen minutes on
6   February 4, 2022 (Opp. to MTD (Dkt. 30), 33:18-28), that officers from the Berkeley Police
7   Department ("BPD") arrived and arrested him that day (id.), that YMCA employee "Lance
8   Goree" was listed as the victim in the BPD's report (id.), that Plaintiff was listed as an arrested
9   suspect (id.), that the BPD's report was false and "mischaracterize[ed]" Plaintiff as the aggressor
10  (id.), and that Plaintiff retained counsel and began challenging the report as early as 2023 (id.,
11  43:9-14).  Those allegations establish, on the face of the pleadings, that Plaintiff knew he was
12  (allegedly) injured, who (allegedly) injured him, and the BPD's alleged involvement.  That is all
13  that accrual requires – knowledge of the alleged injury and cause of the alleged injury.  *Pouncil
14  v. Tilton*, 704 F.3d 568, 573-74 (9th Cir. 2012); see also *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th
15  Cir. 1996).

16      To the extent Plaintiff proffers a plethora of excuses as to how he was somehow
17  precluded from timely filing suit against Defendants, Plaintiff concedes he retained counsel and
18  filed a lawsuit against the YMCA, in connection with the subject February 4, 2022, incident, in
19  2022.  Opp. to MTD (Dkt. 30), 43:9-14.  The online register of actions for that lawsuit, Case No.
20  22CV019990, filed in Alameda County Superior Court, provides that Plaintiff filed the action on
21  October 19, 2022, *well within the limitations period applicable to Plaintiff's claims against
22  Defendants*.  Id.  Thus, any suggestion that Plaintiff was incapable of filing suit against
23  Defendants is directly contradicted by Plaintiff's own allegations and actions.

24      There is simply no way for Plaintiff to amend around the fact his claims are time-barred
25  and there is no reason to continue granting Plaintiff further chances to reinforce that fact.
26  Furthermore, as set forth in the Motion and Reply, Plaintiff's claims are woefully inadequate
27  and he is clearly incapable of alleging facts sufficient to maintain any claim, even if it were
28  timely, which it clearly is not.  Reply (Dkt. 34), 7:3-13:21; MTD (Dkt. 21), 10:6-25:17.  As a

ORBACH HUFF & HENDERSON LLP

1  result, Defendants request that the Court rule upon the Motion to Dismiss and intend to oppose
2  Plaintiff's Motion for Leave to Amend on these grounds.

4  Dated: March 12, 2026                Respectfully submitted,
                                        **ORBACH HUFF & HENDERSON LLP**

                                        By:   */s/ Nicholas D. Fine*
                                              Kevin E. Gilbert
                                              Nicholas D. Fine
                                              Attorneys for Defendants
                                              CITY OF BERKELEY, PAUL BUDDENHAGEN,
                                              CHIEF JENNIFER LOUIS, and CHIEF ANDREW
                                              GREENWOOD