UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

ARNAUD CAMMAS,

　　　　　　Plaintiff,

　　　v.

CITY OF BERKELEY, et al.,

　　　　　　Defendants.

Case No. 25-cv-10296-LB

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF Nos. 21, 37, 38

## INTRODUCTION

The plaintiff, who is representing himself and proceeding in forma pauperis, alleges that the Berkeley Police Department delegated its police powers to employees at the Downtown Berkeley YMCA and had a longstanding policy of violence and threats against tenants. In February 2022, YMCA employees assaulted the plaintiff, threatened to kill him, and placed him in a choke hold that caused him to lose consciousness.[1] In November 2025, the plaintiff brought claims against the City of Berkeley, Paul Buddenhagen (the current city manager), Andrew Greenwood (the City's former police chief), and Jennifer Louis (the current police chief) for (1) violations of 42 U.S.C. § 1983 for excessive force, unreasonable seizure, state-created danger, substantive and procedural

---

[1] Compl. – ECF No. 1 at 5. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 25-cv-10296-LB

due process, violation of the Equal Protection Clause, and *Monell* liability (claims one through seven); (2) disability discrimination and retaliation under Title II of the Americans with Disabilities Act (ADA), *id.* § 12132, the Fair Housing Act, *id.* §§ 3604(f), 3617, and the Rehabilitation Act § 504, 29 U.S.C. § 794 (claims eight through eleven); and conspiracy to interfere with civil rights under 42 U.S.C. § 1985 (claim twelve).[2]

The court screened the initial complaint and identified that the claims were likely barred by the statute of limitations, lacked a nexus between the harm and his disability for the Rehabilitation Act and ADA claims, and lacked state action for his constitutional claims.[3] The plaintiff filed a supplemental complaint, and the court ordered service by the U.S. Marshals Service. The City moved to dismiss the complaint, contending that all claims are barred by the statute of limitations by the plaintiff's filing his case over three years after the February 2022 incident and that, even if his claims were not barred, he has not plausibly pleaded them. The plaintiff counters that his claims are saved from the statute of limitations through delayed accrual, equitable tolling, and the continuing-violation doctrine and that he plausibly pleaded all claims.[4] The plaintiff moved for leave to amend the complaint after the motion to dismiss was fully briefed, and the City opposed the motion.

The court dismisses all claims because (1) the plaintiff has not plausibly pleaded a policy that harmed him or ratification by a policymaker for his *Monell* claim, (2) he conceded the City's arguments about his Rehabilitation Act and ADA claims by not responding to them, and (3) the remaining claims are barred by the statute of limitations. The plaintiff may file an amended

---

[2] *Id.* at 3.

[3] Screening Order – ECF No. 8.

[4] The plaintiff requested judicial notice of documents totaling over 1,600 pages and filed additional exhibits in support of his opposition to the City's motion. Req. Judicial Notice – ECF No. 32; Pl.'s Exs. – ECF No. 33; Pl.'s Decl. – ECF No. 30-1. The City objected. Objs. – ECF No. 35. Generally, the court does not consider material beyond the pleadings in ruling on a motion to dismiss. *See United States v. Corinthian Colleges*, 655 F.3d 984, 998–99 (9th Cir. 2011). Because the complaint does not refer to the documents at issue, the court does not consider them under the incorporation-by-reference doctrine. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

United States District Court
Northern District of California

complaint addressing these issues by April 16, 2026. The motions for leave to file an amended complaint and for issuance of summonses are terminated as moot.

## STATEMENT

The plaintiff resided at the downtown Berkeley YMCA.[5] He alleges that the City of Berkeley delegated police powers to YMCA staff, granting them authority to detain individuals, threaten arrest, and coordinate with the Berkeley Police Department in joint enforcement actions.[6] The plaintiff was not informed of this delegation.[7] Berkeley Police "acted in close coordination with" YMCA staff involving "enforcement, surveillance, detention, eviction, and criminal referral of YMCA residents."[8]

In February 2022, the plaintiff was attacked by YMCA executive director Lance Goree, who threatened to kill the plaintiff, struck him, threw him to the ground, and placed him in a chokehold that caused him to "drift in and out of consciousness and suffer severe respiratory and cardiovascular distress."[9] Goree said that he would "cut [the plaintiff's] wind off in a heartbeat" and "pummel [him] until [he] couldn't move."[10] Additional YMCA employees joined the assault by pinning the plaintiff's legs and striking him with a radio device.[11] The plaintiff suffers from respiratory distress, PTSD, and trauma, which was "known or obvious to Defendants."[12]

When Berkeley Police officers arrived, they refused to take statements from Hispanic eyewitness, ignored exculpatory accounts, deactivated their body cameras, and treated the plaintiff as the aggressor because of his national origin.[13] Berkeley Police officers arrested the plaintiff and

---

[5] Compl. – ECF No. 1 at 5 (¶¶ 1, 5).

[6] *Id.* (¶ 2).

[7] *Id.*; Suppl. Compl. – ECF No. 12 at 3 (¶ 11).

[8] Suppl. Compl. – ECF No. 12 at 4 (¶ 18).

[9] Compl. – ECF No. 1 at 5 (¶ 6).

[10] *Id.*

[11] *Id.* (¶ 7).

[12] *Id.* (¶ 5).

[13] *Id.* (¶ 8).

took him to Santa Rita Jail instead of a medical facility despite his visible injuries and loss of consciousness.[14] When the plaintiff tried to inform jail medical staff that he had lost consciousness, Officer Kevin Peters interrupted and contradicted his story.[15]

Charges were filed against the plaintiff after the incident but were dismissed in November 2022. The plaintiff learned of the dismissal in August 2023.[16] The plaintiff "sought accountability and information through Berkeley Police Department Internal Affairs and through repeated requests for police reports, recordings, and investigative materials."[17] On December 1, 2024, the plaintiff requested "additional records, which revealed previously undisclosed coordinated law-enforcement operations at the Downtown Berkeley YMCA facility, including conduct predating and postdating the February 2022 incident."[18] The defendants withheld, altered, and destroyed evidence regarding the February 2022 incident and provided the plaintiff with false, incomplete, or misleading accounts of the incident, including by minimizing or denying the use of chokeholds, loss of consciousness, and the severity of the plaintiff's injuries.[19]

Following the February 2022 incident, the plaintiff suffered ongoing physical and psychological impairments, including respiratory injury, trauma-related symptoms, cognitive impairment, and post-traumatic stress.[20] The plaintiff was evaluated by medical providers between 2022 and 2025 who deemed him disabled.[21]

YMCA staff and Berkeley Police officers repeatedly returned to the plaintiff's residence, confronted and threatened him, and attempted to intimidate him into silence under the guise of conducting wellness checks through July 31, 2023.[22] Through August 2024, YMCA staff subjected

---

[14] *Id.* (¶ 9); Suppl. Compl. – ECF No. 12 at 5 (¶ 27).

[15] Compl. – ECF No. 1 at 5 (¶ 8); Suppl. Compl. – ECF No. 12 at 5 (¶ 28).

[16] Suppl. Compl. – ECF No. 12 at 2 (¶ 3).

[17] *Id.* (¶¶ 5–6).

[18] *Id.* at 3 (¶ 7).

[19] *Id.* at 3–4 (¶¶ 12–14).

[20] *Id.* at 2 (¶ 1).

[21] *Id.* (¶ 2).

[22] Compl. – ECF No. 1 at 5 (¶ 10); Suppl. Compl. – ECF No. 12 at 6 (¶ 30).

foreign-born tenants of the Downtown Berkeley YMCA, including the plaintiff, to "racial slurs, threats, intimidation, and differential enforcement based on race and national origin."[23]

## LEGAL STANDARD

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It may fail by lacking a cognizable legal theory or sufficient facts under one. *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). The court accepts factual allegations as true and construes them favorable to plaintiffs. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018). But allegations must state a plausible claim. *Twombly*, 550 U.S. at 570. Threadbare recital of the elements of a claim, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

The issues are whether the plaintiff can establish an exception to avoid the statute of limitations and whether he has plausibly pleaded his *Monell*, Rehabilitation Act, and ADA claims. The City contends that (1) the plaintiff's claims are time-barred because he filed them over three years after his alleged assault and arrest, (2) his Rehabilitation Act and ADA claims fail because his allegations about notice of his disability to the defendants and nexus between his disability and the harm he suffered are conclusory, and (3) his *Monell* claim fails because he has not plausibly pleaded a policy that caused his injuries, a policymaker who ratified a policy, or any underlying constitutional violation.[24]

---

[23] Suppl. Compl. – ECF No. 12 at 6 (¶¶ 34–37). The parties consented to magistrate-judge jurisdiction. 28 U.S.C. § 636(c)(1); Consents – ECF Nos. 20, 28. The court can decide the motion without oral argument. Civil L.R. 7-1(b).

[24] Reply – ECF No. 34 at 15–16 & 15 n.6.

The plaintiff counters that he has plausibly pleaded a *Monell* claim and that his claims are not time-barred because (1) the accrual of his claims was delayed by the discovery rule[25] and because of his pending criminal charges, (2) he qualifies for equitable tolling because the plaintiff is disabled, he was facing criminal charges from February through December 2022, and the City concealed evidence, (3) the City committed continuing violations past the statute of limitations that reach back to the original assault, and (4) deciding whether the statute of limitations has run is inappropriate in a motion to dismiss.[26] The plaintiff did not address the City's arguments about his Rehabilitation Act or ADA claims (claims eight and eleven) and, therefore, concedes them. *See, e.g.*, *Narang v. Gerber Life Ins. Co.*, No. 18-CV-04500-LHK, 2018 WL 6728004, at *4 (N.D. Cal. Dec. 21, 2018) (collecting cases).

The plaintiff's remaining non-*Monell* claims (claims one through six, nine, ten, and twelve) are dismissed as time-barred: (1) they accrued in February 2022 because he was aware of his injuries and the basis for his claims, (2) even if accrual were delayed because of his pending criminal charges until December 2022, he still filed his case past the statute of limitations, (3) the fact that the plaintiff has a disability alone does not meet the requirements for equitable tolling, and (4) the plaintiff has not plausibly pleaded a continuing violation by the City. The plaintiff's *Monell* claim (claim seven) is dismissed because he did not plausibly plead a policy or ratification by a policymaker.

## 1.  Statute of Limitations

The plaintiff's case implicates the statute of limitations because he filed his complaint in November 2025 with claims based on his assault by YMCA staff and arrest by Berkeley Police occurring over three years prior in February 2022. The parties do not dispute that California's two-year statute of limitations for personal injury actions applies to his constitutional claims.

---

[25] "Under both federal and California law, the discovery rule provides that a limitations period does not commence until a plaintiff discovers, or reasonably could have discovered, his claim." *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1147 (9th Cir. 2002) (cleaned up).

[26] Opp'n – ECF No. 30 at 46–51.

*Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) (citing Cal. Civ. P. Code § 335.1). The Fair Housing Act also has a two-year statute of limitations. 42 U.S.C. § 3613; *Garcia v. Brockway*, 526 F.3d 456, 462 (9th Cir. 2008). The ADA and Rehabilitation Act have a three-year statute of limitations. *Sharkey v. O'Neal*, 778 F.3d 767, 771–74 (9th Cir. 2015) (ADA); *Peters v. Bd. of Trs. of Vista Unified Sch. Dist.*, 457 F. App'x 612, 614 (9th Cir. 2011) (Rehabilitation Act). A claim may be dismissed pursuant to a statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006).

The plaintiff asserts that his fabrication-of-evidence and false-arrest claims (claims one through six and twelve) accrued after the charges against him were dropped in December 2022 and his *Monell* claim (claim seven) accrued in 2024 after he learned of the "14-year coordinated City enforcement program."[27] The City replies that because the plaintiff alleges that he was choked, arrested, and falsely identified as the aggressor in February 2022, he necessarily knew the factual basis for any civil rights claim at that time and that discovering additional evidence later does not delay accrual.[28]

The plaintiff's non-*Monell* claims accrued in February 2022, but the court cannot say that the running of the statute of limitations is apparent on its face for the *Monell* claim.

Federal law determines when a cause of action accrues, and the statute of limitations begins to run, in §§ 1983 or 1985 actions. *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019) (though federal courts often refer to common-law tort principles when deciding questions of accrual, such principles are meant to guide rather than control the definition of § 1983 claims); *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (per curiam); *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015). Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *TwoRivers v. Lewis*, 174 F.3d 987, 991–92 (9th Cir. 1999); *Lukovsky v. City & County*

---

[27] *Id.* at 46–47.

[28] Reply – ECF No. 34 at 8.

*of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (same for §§ 1981 and 1985 claims). As a general matter, the statute of limitations begins to run when the plaintiff has a "complete and present cause of action." *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (cleaned up).

To determine when a plaintiff has a complete and present cause of action, federal courts focus first on the specific constitutional right alleged to have been infringed. *McDonough*, 139 S. Ct. at 2155. Thus, accrual ultimately depends on the substantive basis of the claim. *See, e.g.*, *Belanus*, 796 F.3d at 1026 (cause of action for illegal search and seizure accrues when the wrongful act occurs, even if person does not know at that time the search was warrantless); *Bradford v. Scherschligt*, 803 F.3d 382, 386 (9th Cir. 2015) (a claim for deliberate fabrication of evidence accrues when the charges are fully and finally resolved and can no longer be brought against the defendant; here, the acquittal at the retrial).

The plaintiff's non-*Monell* claims accrued in February 2022. The plaintiff was aware of the injuries he suffered during the incident and who caused them. Delayed discovery of new facts would not change this. The plaintiff's arguments about his fabrication-of-evidence and false-arrest claims being tolled while criminal charges were pending do not save his claims because the charges were dropped in December 2022, more than two years before he filed this case.[29]

Lower courts are divided on when a *Monell* claim accrues. Some courts follow the rule that *Monell* claims accrue when "the underlying conduct giving rise to potential *Monell* liability occurred." *Bell v. Lee*, No. 13-cv-05820-SI, 2023 WL 5836812, at *2 (N.D. Cal. Sep. 8, 2023) (cleaned up). Other courts follow the "delayed-accrual theory," which says that a "*Monell* claim does not accrue until a plaintiff is at least on inquiry notice that the conduct the plaintiff experienced is part of some pattern or practice sufficient to give rise to *Monell* liability." *Id.* Given these divided approaches and the lack of full briefing on the issue, the court cannot say that the running of the statute of limitations is apparent on its face for the plaintiff's *Monell* claim.

---

[29] Suppl. Compl. – ECF No. 12 at 2 (¶ 3).

## 2. Equitable Tolling

The plaintiff contends that he meets the requirements for equitable tolling because he is disabled, he diligently pursued the case, and the City concealed its wrongdoing through "(a) the false police report inverting victim and aggressor; (b) denial of records requests citing 'pending investigation'; (c) producing no communications in response to the first subpoena and only a fraction in response to the second; and (d) redactions hiding officer identities."[30] The City responds that resistance to discovery is not concealment and the plaintiff has not met his burden where, even with his disability, he was able to file a state case against the YMCA eight months after the incident.[31]

Equitable tolling does not apply under these circumstances.

The equitable-tolling doctrine applies when (1) a plaintiff pursues his rights diligently, and (2) "some extraordinary circumstance stood in his way." *Roberts v. Marshall*, 627 F.3d 768, 771–72 (9th Cir. 2010). The doctrine is applied sparingly, *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1122–25 (9th Cir. 2007), such as "when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999), *as amended* (Mar. 22, 1999). The Supreme Court has "allowed equitable tolling when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the EEOC's notice of the statutory period was clearly inadequate." *Scholar v. Pac. Bell*, 963 F.2d 264, 268 (9th Cir. 1992) (citing *Irwin v. Dep't of Veteran Affs.*, 498 U.S. 89, 111 (1990) and *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (per curiam)). "Courts have been generally unforgiving . . . when a late filing is due to [the] claimant's failure to 'exercise due diligence in preserving his [or her] legal rights.'" *Id.* (quoting *Irwin*, 498 U.S. at 96).

The plaintiff has not satisfied his burden to establish equitable tolling because he does not say how his disability prevented him from filing his case within the statute of limitations. The

---

[30] Opp'n – ECF No. 30 at 48–49.

[31] Reply – ECF No. 34 at 10.

United States District Court
Northern District of California

plaintiff's admitted ability to file a state action against the YMCA in October 2022 shows that he was able to pursue litigation.[32] Even if the statute of limitations were tolled until his criminal charges were dropped in December 2022, he still filed his complaint outside the two-year statute of limitations.

The plaintiff also has not pleaded with particularity the facts supporting fraudulent concealment. The plaintiff pleaded that the Berkeley Police "concealed material evidence by failing to document known facts, omitting critical information from reports, discouraging witness statements, and interfering with medical assessments."[33] These are conclusions without facts explaining how the City's conduct prevented the plaintiff from filing a timely claim. Even accepting the arguments, he was aware of the facts of the incidents regardless of any alleged falsification of reports, and discovery misconduct does not support equitable tolling. *See Synopsys, Inc. v. Magma Design Automation, Inc.*, No. C-04-3923 MMC, 2007 WL 420184, at *5 (N.D. Cal. Feb. 6, 2007) ("Courts have repeatedly held, however, that a defense of unclean hands may not be based on discovery misconduct." (cleaned up)).

### 3. Continuing-Violation Doctrine

The plaintiff asserts that the continuing-violation doctrine saves his claims from the statute of limitations because the February 2022 incident was part of a systematic policy of discrimination that continued through 2025, citing "(a) YMCA/BPD reports filed against Plaintiff through August 2023; (b) ongoing records denials through 2024-2025; (c) the enforcement program itself continued operating — as recently as December 8, 2025, three individuals were assaulted at 2000 Block Allston Way (Case No. 2025-00056163); and (d) discriminatory harassment continued through at least August 2024."[34]

---

[32] *Id.*; Opp'n – ECF No. 30 at 49.

[33] Suppl. Compl. – ECF No. 12 at 3 (¶ 13).

[34] Opp'n – ECF No. 30 at 49.

The City counters that (1) continuing-violation doctrine does not apply to discrete acts, like arrests, (2) the reports filed against the plaintiff in August 2023 are outside the statute of limitations, (3) the record denials in 2024 and 2025 are not constitutional violations, (4) assaults against third parties in 2025 do not relate to the plaintiff, and (5) the alleged incidents of discriminatory harassment in August 2024 are conclusory.[35]

The City is correct.

The continuing-violations doctrine allows a plaintiff to seek relief for actions that occurred outside the limitations period in narrow circumstances. *See Bird*, 935 F.3d at 746. It may apply when a plaintiff alleges either "a series of related acts, one or more of which falls within the limitations period," or "the maintenance of a discriminatory system both before and during [the limitations] period." *Id.* (cleaned up). As a practical matter, "little remains of the continuing violations doctrine" after the Supreme Court's decision in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). *Bird*, 935 F.3d at 748. "Except for a limited exception for hostile work environment claims — not at issue here — the serial acts branch is virtually non-existent." *Id.* Courts have "consistently refused to apply the systematic branch to rescue individualized claims that are otherwise time-barred." *Id.*

The continuing-violation doctrine does not save the plaintiff's non-*Monell* claims. Reports filed against the plaintiff before November 2023 do not alter the statute of limitations analysis. The plaintiff's pleading that the YMCA and Berkeley Police committed "[h]ate-based violence, discriminatory harassment, and corruption-based misconduct" and that "Hispanic and foreign-born tenants at the Downtown Berkeley YMCA, including Plaintiff, were subjected to racial slurs, threats, intimidation, and differential enforcement based on race and national origin" are conclusory.[36] The record denials in 2024 relate to discovery not any continuing violation. *See Synopsys*, 2007 WL 420184, at *5. The plaintiff does not have standing to assert the rights of third

---

[35] Reply – ECF No. 34 at 10–11.

[36] Suppl. Compl. – ECF No. 12 at 6.

parties allegedly assaulted in December 2025.[37] *See Hong Kong Supermarket v. Kizer*, 830 F.2d 1078, 1081 (9th Cir. 1987) ("Prudential limitations require that parties assert their own rights rather than rely on the rights or interests of third parties.").

In sum, the plaintiff's non-*Monell* claims are time-barred because they accrued outside the statute of limitations and the plaintiff has not plausibly pleaded delayed accrual, equitable tolling, or a continuing violation. The plaintiff's *Monell* claim is not time-barred because the court cannot say that the running of the statute of limitations is apparent on its face.

### 4. *Monell* Claim

The City contends that the plaintiff's *Monell* claim fails because he has not pleaded (1) plausible constitutional violations by the defendants, (2) a policy, custom, or practice that caused his harm, or (3) a policymaker who ratified a policy.[38] The plaintiff responds by pointing to emails and other documents not referenced in the complaint.[39] On this record, the plaintiff has not plausibly pleaded a *Monell* claim.

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978). The city cannot be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. *Board of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995).

To impose *Monell* entity liability under § 1983 for a violation of constitutional rights, a plaintiff must show that (1) the plaintiff possessed a constitutional right and was deprived of that right, (2) the municipality had a policy, (3) the policy amounts to deliberate indifference to the plaintiff's constitutional right, and (4) the policy was the moving force behind the constitutional violation. *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). A *Monell* claim

[37] Reply – ECF No. 34 at 11.

[38] *Id.* at 15–16.

[39] Opp'n – ECF No. 30 at 14–17.

United States District Court
Northern District of California

can be based on any of the following theories: (1) a longstanding practice or custom, (2) the failure to adequately train, or (3) a constitutional violation committed or ratified by an official with final policy-making authority. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).

Here, the complaint and supplement complaint describe coordination and training with Berkeley Police and the YMCA and a "longstanding joint-action system"[40] These allegations do not identify a policy directing the type of harm he suffered in February 2022, a failure to train City personnel, or an official with final policy-making authority who ratified any alleged policy. Thus, the plaintiff's allegations do not support a plausible *Monell* claim.

## CONCLUSION

The court grants the motion to dismiss all claims. The plaintiff did not plausibly plead a *Monell* claim, he conceded the City's arguments for his Rehabilitation Act and ADA claims, and his remaining claims are barred by the statute of limitations. The plaintiff may file an amended complaint addressing the determinations in this order by April 20, 2026. The plaintiff's motion to amend his complaint and issue summonses are terminated as moot. This order resolves ECF Nos. 21, 37, and 38.

**IT IS SO ORDERED.**

Dated: March 23, 2026

LAUREL BEELER
United States Magistrate Judge

[40] Compl. – ECF No. 1 at 5 (¶ 11); Suppl. Compl. – ECF No. 12 at 4–5 (¶¶ 18–23).

ORDER – No. 25-cv-10296-LB                13